Aaron W. Baker, OSB # 922220
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Phone: 503/ 234-8800
Fax: 503/ 525-0650
Email: awblaw@earthlink.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NAKIA BRADY,** | Case No. 3:14-cv-01152 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | (ORS 659A.183; ORS 659A.112; ORS 659A.109; ORS 659A.118; ORS 659A.030; 42 U.S.C. §1981) |
| **RIVERSTONE OPERATING COMPANY, INC.,** | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorneys' fees for herself to redress injuries done to her by Riverstone Operating Company, Inc., a foreign Corporation based in Dallas, Texas, doing business as Riverstone Residential, or officers, employees or agents of said Defendant in contravention of her rights under 42 U.S.C. §1981, Civil Rights Act of 1964, and her state protected rights under Oregon Revised Statutes 659A.183, 659A.112, 659A.109, 659A.118 and 659A.030.

### Jurisdictional Allegations

2.

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.  This Court also has jurisdiction over Plaintiff's federal claim under 42 U.S.C. § 2000 *et seq.*, 29 U.S.C. § 2601 *et seq.*, 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claim.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

**General Factual Allegations**

4.

Defendant was and is at all times herein mentioned a foreign corporation with its principal place of business in Dallas, Texas.

5.

Defendant employed at least 15 individuals within the state of Oregon.

6.

At all relevant times, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management to act for Defendant.

7.

At all material times, Plaintiff suffered from a disability, which affected one or more major life activities.  Alternatively, Defendant perceived Plaintiff to suffer from a disability at all material times. Plaintiff had a record of suffering from a disability.

8.

Ms. Brady began working for Defendant at an apartment complex known as The Louisa on or about August 28, 2013 as a Leasing Consultant. She was hired at $14.00 per hour.

9.

Starting from on or near the beginning of her employment at The Louisa, Plaintiff was subjected to inappropriate and offensive banter, jokes, and touching.

10.

Ongoing inappropriate sexual remarks on a nearly daily basis included but are not limited to the following:

A. A male co-worker talked about saving Plaintiff a Victoria's Secret coupon for bras and panties. When Plaintiff said "no" the co-worker would remark "are you sure? It's buy one get one half off… I think you'd look good in them."

B. The co-worker would comment about rough sex while they were cleaning the guest suite. Plaintiff would reply with words to the effect of "you can't say stuff like that, didn't you watch the Sexual Harassment video?" and the co-worker would reply "who cares, no one listens to those videos" and would then laugh.

C. The co-worker made comments about "kinky" sex.

D. The co-worker also liked to remark that he was into "big butts".

11.

Ongoing inappropriate touching included but are not limited to the following:

A. The male co-worker would intentionally touch Plaintiff's shoulders.

B. The co-worker would caress Plaintiff's hair and when asked to stop he would say things like "I think it looks really nice."

12.

Ongoing inappropriate items relating to Plaintiff's  race (African American), include but are not limited to the following:

A. Plaintiff's manager would often make racist remarks. When Ms. Brady said you can't make comments like that her manager would reply "I am the boss and can say what I want to say" and "You better not report me to HR."

B. The manager told Plaintiff "I can't get in trouble for racism because I hired a retard, two Mexicans and a black girl with a disability so no one would believe I am racist."

C. The manager said if Plaintiff reported her she wouldn't get in trouble because everyone in the office would take her side and no one would believe her. The manager once turned to another employee (and friend) and said, "have I said anything racist?"  The employee said "no I didn't hear a thing… actually [Plaintiff] is the racist one" and they both laughed and the manager said, "see I told you."

D. The manager told Plaintiff "my husband told me to be careful with saying racist stuff to you because you could report me to HR."

E. The manager and assistant manager took Plaintiff to a hair salon and told her she needs to have her hair "blown out." Plaintiff was previously told her natural hair isn't professional and that she should do something different with it.  Plaintiff was also told that because of her naturally curly hair she is not classy enough to work in a downtown environment and that she would fit in better in the "sticks."

F. During the end of November and all of December Plaintiff was required to wrap residents' Christmas gifts and decorate the building. Plaintiff did not want to stay after hours to do the tasks and she was called the "Ghetto Grinch" and accused of celebrating Kwanzaa instead of Christmas.

G. The manager asked if Plaintiff celebrated Kwanzaa and when she said "no" the manager stated "yeah right all black people celebrate Kwanzaa" and proceeded to sing "we wish you a merry Kwanzaa, we wish you a merry Kwanzaa" while co-workers laughed.

13.

Plaintiff informed her employer she suffered from ulcerate colitis and Plaintiff had taken medical leave for her condition.  The leave was protected under OFLA.

14.

Ongoing inappropriate items relating to Plaintiff's disability and medical leave include but are not limited to the following:

    A.  Defendant's failure to participate in an interactive process to accommodate Plaintiff's disability.

    B.  The manager told Plaintiff "I can't get in trouble for racism because I hired a retard, two Mexicans and a black girl with a disability so no one would believe I am racist."

    C.  Plaintiff was ridiculed for stating she does not drink alcohol due to her medical condition.

15.

Plaintiff consistently complained to her direct manager about all of the discriminatory treatment. In response to the sexual harassment complaints Plaintiff's manager said to ignore the co-worker's sexual behavior and stated that he's retarded and that she would handle it. Plaintiff received no information that her manager ever spoke to the co-worker about the sexual harassment complaints of Plaintiff or that she addressed Plaintiff's other complaints.

16.

Plaintiff reported the workplace discrimination to Human Resources ("HR") on or about December 6, 2013. After the report was filed, the Regional Manager ("RM") was sent in to interview employees. Plaintiff told the RM she didn't think anything was going to happen because the manager was best friends with two of the women *and* the sexual harassing co-worker was related to the manager.

17.

After the interviews were concluded by the RM, no one in the office would talk to Plaintiff.  She was regularly ignored when calling or asking for assistance. When Plaintiff told HR about the retaliation HR told Plaintiff to ask everyone why they weren't talking to her and if she did anything to offend them. The next day Plaintiff over heard her manager talking to the other employees and they were all laughing and calling Plaintiff "stupid" for filing a report of discrimination. It was apparent to Plaintiff the employees knew she could hear them.

18.

Plaintiff reported the additional and ongoing retaliation to HR on or about December 20, 2013. HR called and told Plaintiff the investigation was done and there were different stories…some of them added up and others didn't.  HR also stated that some people didn't remember and that this sometimes happens because people don't want to get involved. Later, Plaintiff called HR and had to leave a voicemail asking HR to call back. HR never returned Plaintiff's call.

19.

After reporting the discrimination and retaliation to HR, Plaintiff was punished and verbally abused by her manager. Retaliatory statements include but are not limited to the following:

    A.  "I wish I knew what kind of employee you were before I hired you";

    B.  "You need to work in a suburb because you can't cut it downtown";

    C.  "Oh, Nakia you've got me so scared of you now";

    D.  "What up yo" and then "Nakia that's not racist it's just the way I talk so don't call HR on me."

    E.  The manager would often make a racist statement and then say "don't get offended I didn't mean it that way."

20.

Retaliatory and discriminatory conduct also included giving Plaintiff additional tasks with outlandish deadlines, duties and expectations. At one point the manager directed Plaintiff to conduct tours from 5-6pm after she had been told by the assistant manager by law she can't give tours after 5:00pm. The manager scheduled Plaintiff to work at another property without talking to her about it. Plaintiff was asked to do reports when she was already given a laundry list of duties and one time given only 15 minutes to finish.

21.

Plaintiff subsequently requested medical leave for three months beginning retroactively on February 3, 2013.  Plaintiff submitted paperwork from her doctor which included an explanation that she was unable to perform her job functions in her position due

to anxiety.  Upon receiving this additional notification, Defendant continued to fail to engage in any interactive process or make any effort to reasonably accommodate Plaintiff.  Defendant could have easily accommodated Plaintiff's disability by adjusting Plaintiff's work hours, job duties or allowing her to work out of her home but Defendant failed to do so.

22.

Plaintiff requested to be transferred and her request was discouraged and denied.

23.

On or about January 24, 2014, due to Defendant's repeated discriminatory acts and and retaliation, Plaintiff was forced to resign her position.

**First Claim For Relief**

**(Interference, Discrimination or Retaliation - ORS 659A.183 (OFLA))**

24.

Plaintiff realleges paragraphs 1 through 23.

25.

At all relevant times, Plaintiff worked on average at least 25 hours per week.

26.

At all relevant times, Plaintiff suffered from a serious health condition, as set forth above.

27.

Plaintiff utilized and/or attempted to utilize leave that was protected leave under Oregon law under OFLA.

28.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, making fun of Plaintiff, failing to accommodate Plaintiff's disability, failing to engage in the interactive process with Plaintiff, and constructively discharging Plaintiff.

29.

In perpetrating the above actions, Defendant violated ORS 659A.183 causing Plaintiff to suffer damages.

30.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

31.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

32.

Plaintiff is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

**Second Claim For Relief**

**(Disability/Perceived Disability Discrimination - ORS 659A.112)**

33.

Plaintiff realleges paragraphs 1 through 32.

34.

As set forth above, during her employment, Plaintiff was a qualified person with a disability as defined by ORS 659A.104.

35.

As set forth above, Defendant knew about Plaintiff's disability.

36.

Alternatively, as set forth above, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

37.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including failing to engage in the interactive process, failing to offer

reasonable accommodation, subjecting Plaintiff to ridicule and imposed requirements that would be impossible for Plaintiff to meet, and constructively terminating Plaintiff.

38.

Defendant's constructive termination of Plaintiff was substantially motivated by her disability/perceived disability and constitutes unlawful disability discrimination in violation of ORS 659A.112.

39.

Plaintiff realleges her damages as set forth in paragraphs 30 through 32 above.

**Third Claim For Relief**

**(Disability/Perceived Disability Retaliation - ORS 659A.109)**

40.

Plaintiff realleges paragraphs 1 through 39.

41.

Defendant engaged in an unlawful employment practice in violation of ORS 659A.109.

42.

Plaintiff realleges damages as stated in paragraphs 30 through 32.

**Fourth Claim For Relief**

**(Failure to Accommodate - ORS 659A.112 and 659A.118)**

43.

Plaintiff realleges paragraphs 1 through 42.

44.

Defendant engaged in an unlawful employment practice by failing to engage in the interactive process and/or failing to make reasonable accommodation for Plaintiff's known limitations in violation of ORS 659A.112 and ORS 659A.118.

45.

Plaintiff realleges damages as stated in paragraphs 30 through 32.

**Fifth Claim For Relief**

**(Sex Discrimination and Harassment – ORS 659A.030)**

46.

Plaintiff realleges paragraphs 1 through 45 above as fully set forth herein.

47.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

48.

Defendant's creation of, and/or failure to prevent, the sexually hostile work environment for Plaintiff constitutes unlawful sex discrimination in violation of ORS 659A.030.

49.

Defendant's constructive discharge of Plaintiff constitutes unlawful sex discrimination in violation of ORS 659A.030.

50.

Plaintiff realleges damages as stated in paragraphs 30 through 32. Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

**Sixth Claim For Relief**

**(Race Discrimination and Harassment– ORS 659A.030)**

51.

Plaintiff realleges paragraphs 1 through 50 above as fully set forth herein.

52.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and adversely affected her employment opportunities.

53.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful race discrimination in violation of ORS 659A.030.

54.

Defendant's constructive discharge of Plaintiff constitutes unlawful race discrimination in violation of ORS 659A.030.

55.

Plaintiff realleges damages as stated in paragraphs 30 through 32 and 50.

**Seventh Claim For Relief**

**(Retaliation – ORS 659A.030)**

56.

Plaintiff realleges paragraphs 1 through 55 above as fully set forth herein.

57.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial part because of Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

58.

Plaintiff realleges damages as stated in paragraphs 30 through 32 and 50.

**Eighth Claim For Relief**

**(Race Discrimination and Harassment - 42 U.S.C. §1981)**

59.

Plaintiff realleges paragraphs 1 through 58.

60.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

61.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful race discrimination in violation of 42 U.S.C. §1981.

62.

Defendant's constructive discharge of Plaintiff constitutes unlawful race discrimination in violation of 42 U.S.C. §1981.

63.

Plaintiff realleges damages as stated in paragraphs 30 through 32 and 50.

64.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. §1988.

**Ninth Claim For Relief**

**(Retaliation - ORS 659A.030)**

65.

Plaintiff realleges paragraphs 1 through 64.

66.

Defendant discriminated against plaintiff in the terms and conditions of her employment in substantial motivating part due to plaintiff's good faith opposition to unlawful employment practices which violated ORS 659A.030.

67.

Defendant's decision to discipline and terminate plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated ORS 659A.030.

68.

Plaintiff realleges damages as stated in paragraphs 30 through 32 and 50.

**Tenth Claim For Relief**

**(Retaliation - 42 U.S.C. §1981)**

69.

Plaintiff realleges paragraphs 1 through 68.

70.

Defendant discriminated against plaintiff in the terms and conditions of his employment in substantial motivating part due to plaintiff's good faith opposition to unlawful employment practices which violated 42 U.S.C. §1981.

71.

Defendant's decision to discipline and terminate plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. §1981.

72.

Plaintiff realleges damages as stated in paragraphs 30 through 32 and 50. Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. §1988.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any discrimination, retaliation or harassment;

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Punitive damages in an amount to be determined at trial;

5. Reasonable costs and attorney fees; and

6. For such other and further relief as the Court may deem just and equitable.

DATED this 18th day of July, 2014.

_s/ Aaron Baker_
Aaron W. Baker, OSB #922220
Attorney for Plaintiff